# UNITED STATES EX REL. GOLDBERG *v.* DANIELS, SECRETARY OF THE NAVY.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 79.   Argued November 14, 1913.—Decided December 1, 1913.

The United States, as the owner in possession of property, cannot be interfered with behind its back; nor can the courts compel the officer having the custody of such property to surrender it in a proceeding to which the United States is not, and cannot be made, a party.

Mandamus will not lie at the instance of one who in response to advertisement has made the highest bid for a vessel to compel the Secretary of the Navy to deliver the vessel.

The discretion of the Secretary of the Navy is not ended by receipt and opening of bids for a condemned naval vessel even though they

satisfy the conditions prescribed.    Mandamus will not lie to compel him to accept the highest bid.

37 App. D. C. 282, affirmed.

THE facts, which involve the jurisdiction of the court to issue a writ of mandamus directing the Secretary of the Navy to carry out the terms of a bid in response to advertisements for sale of a naval vessel, are stated in the opinion.

*Mr. Albert N. Eastman* and *Mr. Charles Poe* for plaintiff in error:

There was a binding contract for the sale of the cruiser to the relator.

The relator had carried out and performed everything which was to be done by him.   He had paid the full purchase price.   The minute the bids were opened and his proposal or bid was ascertained to be the highest and the money was paid, the statute required that the net proceeds of the sale should be covered into the Treasury, and the vessel be delivered to the purchaser, who could not have withdrawn his bid or retracted his offer after the sealed bids had been opened.   As he was bound, under no principle of law, was the Secretary of the Navy released?

The case cannot be likened to a sale at public auction. *Blossom* v. *Railroad Co.*, 3 Wall. 196, 206, does not apply.

This court has determined that no government property can be sold under statutes similar to the one in question except in the way prescribed by law.   *Steele* v. *United States*, 113 U. S. 128.

Instead of likening this transaction to an auction sale, it should be likened to a sale by correspondence. *Taylor* v. *Insurance Co.*, 9 How. 390; Benjamin on Sales, 7th ed., Bennett's Notes, p. 54, § 44; also p. 68, § 64; see also the American note on p. 76 of the same work.

No right to reject bids was reserved, and under the statute no right to reject bids could have been reserved.

Integrity of the Government demands it deliver this cruiser. If the Government does not make delivery, can it ever expect honest bids when it thus advertises? If the Government can thus refuse, equally so can the individual when the sealed bids are opened and he finds he has been foolish in bidding too much, or for other personal reasons of his own he desires to change his mind.

As the Secretary could only sell in this manner, the relator had a perfect right to rely on his rights under the statute and the Secretary cannot take advantage of a concealed purpose.

This is not such a contract as cannot be enforced for failure to comply with § 3744, Rev. Stat., as that section does not apply, and even if applicable before performance, as the contract has been performed § 3744 would not apply. *St. Louis Hay & Grain Co.* v. *United States,* 191 U. S. 159; *Garfield* v. *United States,* 93 U. S. 242.

The statute of frauds cannot be pleaded to an executed contract. *Cleveland, C., C. & St. L. Ry. Co.* v. *Wood,* 189 Illinois, 352, 355.

Section 3744 was passed in 1862 as a general act. Section 5 in 1883 as a special act to govern the sale of vessels, and, therefore, as the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one. 36 Cyc. 1151. See also 1 Fed. Stat. Ann.

Mandamus is the appropriate remedy to compel its performance. No discretion was left to the Secretary of the Navy under § 5.

In *Knight* v. *Lane,* 228 U. S. 6, the writ was refused because the court held that the Secretary of the Interior had a discretion in the matter involved in that proceeding. In *Parish* v. *MacVeagh,* 214 U. S. 124, the court granted the writ against the Secretary of the Treasury because it held

that there was simply a ministerial function to be performed.　See also *Garfield* v. *Goldsby,* 211 U. S. 249.

*Mr. Morgan H. Beach,* with whom *Mr. Solicitor General Davis* was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for a mandamus directing the Secretary of the Navy to deliver the United States Cruiser Boston to the petitioner.　The petition alleges that after survey, condemnation and appraisal the Cruiser was stricken from the Naval Register under the act of August 5, 1882, c. 391, § 2, 22 Stat. 284, 296; that thereafter the Secretary of the Navy advertised for proposals of purchase under the act of March 3, 1883, c. 141, 22 Stat. 582, 599; that the petitioner bid more than the appraised value, sending a certified check for the whole sum bid; that when the bids were opened on the day fixed the petitioner's was the highest, but that the Secretary refused to deliver the vessel and sent back the check, which the petitioner holds subject to the Secretary's order.　The answer admits the facts, but sets up that the bid is not an acceptance of an offer, but is itself only an offer, subject to be accepted or not at the discretion of the Secretary and that the Secretary never accepted the petitioner's bid, the Government having decided to lend the Cruiser to the Governor of Oregon for use by the Naval Militia of that State.　The petitioner demurred, but the petition was dismissed on the ground that the discretion of the Secretary was not ended by the receipt and opening of the bids, even though they satisfied all the conditions prescribed.　37 App. D. C. 282; *Sub nom. United States* v. *Meyer.*

We see no sufficient reason for throwing doubt upon this premise for the decision, but there is another that comes earlier in point of logic.　The United States is the

owner in possession of the vessel. It cannot be interfered with behind its back and, as it cannot be made a party, this suit must fail. *Belknap* v. *Schild*, 161 U. S. 10. *International Postal Supply Co.* v. *Bruce*, 194 U. S. 601, 606. *Oregon* v. *Hitchcock*, 202 U. S. 60, 69. *Naganab* v. *Hitchcock*, 202 U. S. 473, 476.

*Judgment affirmed.*