# JOHNSON *v.* McADOO.

OFFICERS; UNITED STATES AS A PARTY.

A bill in equity against the Secretary of the Treasury to establish an equitable lien upon a fund in his custody by virtue of his office, such as a fund derived from the sale of cotton seized by the United States during the Civil War, is not maintainable, as the real defendant is the United States, which cannot be sued without its consent.

No. 2918.    Submitted October 6, 1916.    Decided November 14, 1916.

Hearing on an appeal from a decree of the Supreme Court of the District of Columbia dismissing an amended bill in equity to establish a lien upon a fund in the custody of the defendant, the Secretary of the Treasury.            *Affirmed.*

The facts are stated in the opinion.

*Mr. C. J. Jones* for the appellants.

*Mr. John E. Lasky,* United States District Attorney, and *Mr. M. C. Van Fleet,* Special Assistant, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decree in the supreme court of the District sustaining appellee's motion to dismiss appellants' bill to have declared an equitable lien in $68,072,388.99, which is alleged to be in the United States Treasury, under the custody of appellee, Wm. G. McAdoo, Secretary of Treasury.

In their original bill, which they filed for themselves and others similarly interested, appellants, H. N. Johnson, C. B. Williams, Rebecca Bowers, and Minnie Thompson, alleged that within the years 1859 to 1868 they and their ancestors "were subject to a system of involuntary servitude" in states of the South, and that as a result of such servitude many million bales of cotton were produced; that between the years 1862 to 1868 the then Secretary of the Treasury secured possession of the above-named sum of money, "being a portion of the proceeds of the identical cotton heretofore mentioned, and that said money is designated on the books of the defendant, named on said books, and known as 'Internal Revenue Tax on Raw Cotton;' " in other words, that this amount was collected by the government of the United States under the provisions of "An Act to Provide Internal Revenue to Support the Government and Pay Interest on the Public Debt," approved July 1, 1862 (12 Stat. at L.   432, 462 to 465, chap. 119), and Acts in amendment thereof.

A motion to dismiss this bill having been granted, leave to amend was obtained.   Thereupon an amended bill was filed, in which was omitted the averment as to the source of the above sum.

The bill, even as amended, clearly discloses that this large sum of money is not the property of the appellee at all, but, on the contrary, that he is merely its custodian in virtue of his office.   The real defendant, therefore, is the United States. Without pausing to point out other apparent weaknesses in the bill, we may ground our affirmance of the decree below upon the fact that the United States cannot be made a party to this suit without its consent.   *United States ex rel. Goldberg* v. *Daniels,* 231 U. S. 218, 58 L. ed. 191, 34 Sup. Ct. Rep. 84; *International Postal Supply Co.* v. *Bruce,* 194 U. S. 601, 48 L. ed. 1134, 24 Sup. Ct. Rep. 820; *Belknap* v. *Schild,* 161 U. S. 10, 40 L. ed. 599, 16 Sup. Ct. Rep. 443.

Decree affirmed, with costs.                    *Affirmed.*

An appeal to the Supreme Court of the United States was allowed December 16, 1916.