## LINCOLN ELECTRIC CO. v. KNOX et al.
### Civ. No. 21866.

District Court of the United States for the District of Columbia.

Aug. 2, 1944.

Supplemental Opinion July 14, 1947.

Judgment Affirmed June 14, 1948.

See 68 S.Ct. 1510.

M. Reese Dill, Thomas V. Koykka, Ashley M. Van Duzer, and McKeehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, and Charles Effinger Smoot, of Washington, D. C., for plaintiff.

Philip B. Perlman, Sol. Gen. of Washington, D. C., Peyton Ford and John F. Sonnett, Asst. Attys. Gen., and George M. Fay, U. S. Atty., and Melvin H. Siegel, Atty., Dept. of Justice, both of Washington, D. C., for defendant.

Before GRONER, Chief Justice, United States Court of Appeals for the District of Columbia, and BAILEY and GOLDSBOROUGH, District Judges.

PER CURIAM.

The case is now before us on a motion by defendants for summary judgment. The complaint of Lincoln Electric Company against Secretary Knox and Under-Secretary Forrestal was filed in this Court November 3, 1943. The main purpose was to obtain a decree that the Renegotiation Act in its form prior to the amendments of February 25, 1944, is unconstitutional and unenforceable. Defendants answered January 20, 1944, denying unconstitutionality and setting up various other defenses. Subsequently the present motion was filed, in which the position of the defendants, shortly stated, is that the Court lacks jurisdiction because the suit is in legal effect against the United States, which have not consented to be sued, and that the plaintiff has available to it adequate legal and administrative remedies.

Plaintiff is engaged in the manufacture and sale of electric equipment. The great-

er portion of its business is with customers scattered throughout the United States. The portion directly with the Departments of the United States is said to be less than 8% of the whole. The period here involved is the year ending December 31, 1942. Acting under the Renegotiation statute,[1] defendants called on plaintiff for certain information in relation to its operations and sales for the year in question, and as a result of the examination of the data furnished, determined that plaintiff had realized "excessive" profits of more than $3,000,000, and notified it that unless action were taken prior to November 5, 1943, in making proper restitution, defendants would direct the withholding of amounts due plaintiff by the Government and would likewise direct the withholding by plaintiff's customers of so much as might be due to plaintiff by them.

Defendants subsequently—that is to say, in January, 1944, long after the suit was filed—withdrew their threat to seize funds due plaintiff by its customers, and thereafter relied for restitution upon the seizure of sums due by the United States. But as to this plaintiff says that its rights to relief accrued as of the facts existing when the suit was brought and that the subsequent modification of the threat will not avail, since defendants may again change their minds, as they have the right to do under the appropriate act. This brings us, then, for present purposes, to consider (1), whether the suit is necessarily against the United States, and if it is not, (2), whether Congress has otherwise provided an adequate remedy in the amendment of 1944, authorizing redetermination in a proceeding in the Tax Court.

■ We are not unmindful of the difficulty of stating an exact formula for determining when a suit against an officer is a suit against the United States. Brooks v. De War, 313 U.S. 354, 359, 61 S.Ct. 979, 85 L.Ed. 1399. But where the relief asked is that the officer be restrained from acting to enforce an unconstitutional law in such a way as to injure the property rights of the plaintiff, the proceeding is one against the officer. The single exception is the situation in which the United States, because of the nature of the decree to be issued, are indispensable parties to the suit. If, for example, the object is to compel specific performance of a contract between the United States and the plaintiff, or to compel an officer to pay money out of the Treasury or otherwise to hand over to the plaintiff property which the United States claim to own, or to prevent the United States from using property which they own, or claim to own,— in all these cases the United States are the real parties in interest and the suit must fail. But the effect of an injunction in this case would not be to compel specific performance of a Government contract or payment of money out of the Treasury. The injunction would simply prevent a Government official from acting under an unconstitutional statute (if it should be found to be such), so as to interfere with valid contract relations between Lincoln and its customers. Whether the contracts will eventually be performed, and whether the money will be paid to Lincoln, depends upon many other circumstances which are not involved in the present action, and the right of the United States to withhold money owing to Lincoln is unaffected by anything which is asked for here.

■ If this is a correct statement of the case we have, then it would seem to follow that the suit is not against the United States and the doctrine announced in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann. Cas. 764, would be controlling. At page 159 of 209 U.S., at page 454 of 28 S.Ct. the Supreme Court said: "The act to be enforced is alleged to be unconstitutional; and if it be so, the use of the name of the State to enforce an unconstitutional act to the injury of complainants is a proceeding without the authority of and one which does not affect the State in its sovereign or governmental capacity. It is simply an illegal act upon the part of a state official in attempting by the use of the name of the State to enforce legislative enactment which is void because unconstitutional. If the act which the state At-

---

[1] Act Apr. 28, 1942, C. 247, Title IV, § 403, 56 Stat. 245, 50 U.S.C.A. Appendix, § 1191.

torney General seeks to enforce be a violation of the Federal Constitution, the officer in proceeding under such enactment comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." And see United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Philadelphia Co. v. Stimson, 1912, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570; Thompson v. Deal, 67 App.D.C. 327, 92 F.2d 478; Ickes v. Fox, 1937, 300 U.S. 82, 57 S.Ct. 412, 81 L.Ed. 525; Tennessee Electric Power Co. v. Tennessee Valley Authority, 1939, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543; Lane v. Watts, 1914, 234 U.S. 525, 540, 34 S.Ct. 965, 58 L.Ed. 1440; Goltra v. Weeks, 1926, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074; Franklin Township in Somerset County, N. J., v. Tugwell, 1936, 66 App.D.C. 42, 85 F.2d 208.

Nor do we think plaintiff has elsewhere and otherwise an adequate remedy. The right to go to the Tax Court did not accrue until long after this suit was instituted and even if it be considered that the relief afforded by the Tax Court provision is obligatory and exclusive, that certainly is not the case where, as here, it did not exist when suit was brought. Dawson v. Kentucky Distilleries & Warehouse Co., 255 U.S. 288, 41 S.Ct. 272, 65 L.Ed. 638. Nor is the right to sue the United States in the Court of Claims in the circumstances of this case an adequate remedy; for there is no such right there as to plaintiff's thousands of customers who necessarily would have to be sued separately and where they reside.

Plaintiff brought this suit in the only court having jurisdiction of the persons of the defendants. The controversy, as we have mentioned briefly, grows out of an Act of Congress designed to protect the United States against losses through improvident contracts made by officers of the Government in the war effort. Plaintiff insists that this legislation, as applied to the facts of this case, is unconstitutional, in that it is repugnant to Article I, Section 1, and Article I, Section 8, of the Constitution, and likewise repugnant to the Fifth and Tenth Amendments to the Constitution; that in the year in question all contracts made by it for the sale and disposition of its products were made upon the basis of fixed and staple prices, as to which there were no increases as the result of the war, and that in accepting orders from its customers, the same were taken upon an express agreement that there should be no readjustment or renegotiation of prices. Plaintiff further charges that if the Secretary is permitted to renegotiate its contract, not only with the United States, but with its various customers, who in turn have contracted with the United States, the result would be to seriously impair its financial structure and would otherwise irreparably injure its capacity to operate successfully.

Defendants insist that, notwithstanding this and granting also that the Act of Congress is unconstitutional, plaintiff has no other recourse than to challenge the claimed right of the Government in the Tax Court or in the Court of Claims.

We think this is not sufficient. In our opinion the case should be tried on the merits and plaintiff given the opportunity of proving its case, and the question of the constitutionality of the Act of Congress should be briefed and argued. The rule for summary judgment was, in our opinion, never intended to throw upon the court the burden of determining a case involving, on the one hand, a delicate question of law and, on the other, complicated and controverted facts, without an adequate and proper hearing. If the Renegotiation Act is in all respects valid, obviously, plaintiff has no case. If, on the other hand, it is invalid, and the Government, as we have indicated, is not an essential party, then, clearly, plaintiff ought not to be stopped at the threshold of the court and told to seek relief in some other court and in some other manner obviously inadequate and incomplete.

There is another pending case in this court involving this identical question, which is set for hearing October 2, 1944. The instant case is accordingly set down for hearing on Wednesday, September 27, 1944, at 10:30 o'clock A. M., on the merits

and the motion for summary judgment is denied, and an appropriate order will be entered accordingly.

### Supplemental Opinion.

Our decision of this case has been awaiting the decision of the Supreme Court in Aircraft & Diesel Equipment Corporation v. Hirsch et al., 331 U.S. 752, 67 S.Ct. 1493. In that case the Supreme Court on June 16, 1947 affirmed the decision of the District Court. 62 F.Supp. 520. In our opinion the instant case is controlled by that opinion of the Supreme Court and also by the case of Wade v. Stimson, D.C., 65 F.Supp. 277, affirmed per curiam by that Court on the same day. 31 U.S. 793, 67 S.Ct. 1727.

The plaintiff had its opportunity to pursue its administrative remedy and failed to take advantage of it.

The motion of the defendant for a summary judgment will be sustained and the complaint dismissed.