**MINE SAFETY APPLIANCES CO. v. KNOX, Secretary of the Navy, et al.**

Civ. No. 23387.

District Court of the United States for the District of Columbia.

March 15, 1945.

734

W. Denning Stewart, of Pittsburgh, Pa. (Howard Zacharias, of Pittsburgh, Pa., and Charles Effinger Smoot, of Washington, D. C., on the brief), for plaintiff.

Francis M. Shea, Asst. Atty. Gen. (Edward M. Curran, U. S. Atty., of Washington, D. C., on the brief), for defendants. .

Before MILLER, Associate Justice, United States Court of Appeals, District of Columbia, and BAILEY and McGUIRE, Associate Justices, District Court of the United States for the District of Columbia.

McGUIRE, Associate Justice.

The plaintiff Mine Safety Appliances Company is a corporation engaged in the manufacturing, selling, exporting, and installing throughout the United States and elsewhere, mining and industrial equipment and protective apparatus for the protection of life and property.

For several years past the company, both as a prime contractor and as a sub-contractor has secured so-called war contracts, presumably subject to the provisions of the Renegotiation Act. 50 U.S.C.A. Appendix § 1191.

On March 4, 1944, the defendant Forrestal as Under Secretary of the Navy, acting under authority of the Act, made a unilateral order requiring the company to eliminate excessive profits for its fiscal years ending December 31, 1941, and December 31, 1942. The order provided in part as follows: "Unless action is taken by you not later than March 8, 1944, to eliminate said excessive profits in a manner satisfactory to me, appropriate action will be taken by me, without further notice to you, to eliminate said amount of excessive profits * * * by directing the withholding of amounts otherwise due to you as a contractor * * *."

The plaintiff company failed and refused to comply with the order and on March 8, 1944, filed the complaint herein which prayed for an injunction to restrain the defendant from:

"(1) Withholding or instructing or requesting the United States, or any instrumentality, agency, officer, or agent of the United States to withhold any monies due, or to become due to plaintiff from the United States or any agency or instrumentality thereof;

"(2) Instructing or requesting any prime contractor or subcontractor or officer, employee or agent thereof, to withhold any monies due or to become due to plaintiff from such prime contractor;

"(3) From further proceeding in any manner to renegotiate or refix contract prices with respect to materials and supplies furnished or to be furnished by plaintiff;

"(4) From proceeding in any manner directly or indirectly, to enforce or attempt to enforce the determination and order of March 4, 1944, whether by methods of enforcement sought to be provided by said Renegotiation Act, or by any other method."

The complaint further prayed that a special court of three judges be constituted and that upon final hearing the court order, adjudge and decree that the Renegotiation

Act is unconstitutional, null and void, and unenforceable against the plaintiff.

After the complaint had been served the parties entered into a stipulation as follows: "Defendants will cause the Navy Department to suspend payment, pending final determination of this action by the Court of last resort, of vouchers otherwise payable by the Navy Department to the plaintiff * * * up to the sum of $1,050,000 (subject to adjustment upon further calculation by the Navy Department) for the purpose of securing payment to the United States of the amount as determined by the Under Secretary of the Navy to be excessive profits as appears from his written determination of March 4, 1944 * * * Plaintiff consents to such suspension until final determination of this action by the Court of last resort.

"(2) In all other respects defendants will cause to be stayed action to eliminate said amount of excessive profits pending the final determination of this action by the Court of last resort, and in particular no action to enforce the terms of said determination of March 4, 1944 * * *.

"(3) Plaintiffs will not apply to the court for any interlocutory injunction, restraining order, or other temporary or intermediate injunctive relief pending the final determination of this action by the Court of last resort * * *.

"(4) By entering into this stipulation neither of the parties hereto make or shall be deemed to make any admissions with respect to their rights or claims, it being understood by the parties hereto that this agreement shall be without prejudice to their substantive rights."

Thereafter the Navy Department suspended payment to the plaintiff on vouchers submitted with respect to contracts performed by *the company,* and which were otherwise payable, in the amount of $1,014,873.78, which sum is being held as an obligated but unexpended balance in the particular appropriation account of the Navy Department applicable to the various accounts of the plaintiff. The practical effect of this is that the total of suspended payments is being held by the Treasury of the United States as an unexpended portion of money appropriated by the Congress to the Navy Department or allocated to it by any other department or agency.

The statutory court of three judges having been convened as prayed for the defendant moved to dismiss the complaint on jurisdictional grounds and our determination herein is upon that motion.

Immediately in limine we are confronted with the initial and controlling inquiry as to whether this is in fact a suit against the United States.

If it is, or if their interests are substantially affected, then the suit fails for it is basic law that the sovereign cannot be sued without its consent. United States ex rel. Goldberg v. Daniels, 231 U. S. 218, 34 S.Ct. 84, 58 L.Ed. 191.

This prohibition rests upon sound and cogent reasons of public policy, and is embedded deeply in the common law.

The United States cannot be subjected to legal proceedings of any character without their consent; and whoever institutes such proceedings *must* bring his case within the authority of some act of Congress. United States v. Clarke, 8 Pet. 436, 8 L.Ed. 1001; Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434; The Siren 1865–1868, 7 Wall. 152, 19 L. Ed. 129.

Again it has been held and now is settled definitely that if the United States is not a formal party defendant—if their interests are so *directly* involved that they are actually the real party in interest, and any relief or judgment that might be granted or entered will operate against them,—they are by nature of this fact an indispensable party and the suit as a consequence must fail, for you cannot do by indirection what you are forbidden to do directly. Morrison v. Work, 266 U.S. 481, 45 S.Ct. 149, 69 L.Ed. 394; Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755; International Postal Supply Co. v. Bruce, 194 U.S. 601, 24 S.Ct. 820, 48 L.Ed. 1134; Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 40 L.Ed. 599; In re Ayers, 123 U.S. 443, 502, 8 S.Ct. 164, 181, 31 L.Ed. 216.

It is equally well established that if an indispensable party is not joined the suit will be dismissed. Gnerich v. Rutter, 265 U.S. 388, 44 S.Ct. 532, 68 L.Ed. 1068; Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411.

Is this suit here, therefore, in essence one against the defendant Forrestal, or is he actually only the nominal party and the interests to be directly affected by granting of the relief prayed for, those of the United States?

If they are, then the courts have no jurisdiction, unless by the authority of Congress they have been accorded such.

The question is most certainly not a new one, but the line of demarcation is not easily drawn, and its repeated litigation has not served the purpose of clarification any too well.

Early in our law Chief Justice Marshall laid down the doctrine that the question as to whether a suit is against the sovereign (State)—and as a consequence within the prohibition of the Eleventh Amendment—is to be determined by the nominal parties of record. Osborn v. Bank of United States, 9 Wheat. 738, 857, 6 L.Ed. 204.

■ If that were the law today it would be determinative of the matter here. But while that case is still the law of the land in other respects, it is now finally settled the courts will look behind the designation of parties on the record and seek to determine who are the *real* parties to the litigation. New Hampshire v. Louisiana and New York v. Louisiana, 108 U.S. 76, 2 S. Ct. 176, 27 L.Ed. 656; Minnesota v. Hitchcock, 185 U.S. 373, 22 S.Ct. 650, 46 L.Ed. 954; In re Ayers supra; Ford Motor Company v. Department of Treasury, 65 S.Ct. 347, 89 L.Ed. ——.

And it makes no difference whether it is contended a State or the United States is or is not involved, the principle, in essence, is the same.

In litigation involving this principle two classes of cases have arisen. Pennoyer v. McConnaughy, 140 U.S. 1, 8, 9, 10, 11 S. Ct. 699, 35 L.Ed. 363.

The *first,* in which the action is brought against the officers of the sovereign representing *its* action and *liability,* thus making *it* though not a party of record, the real party against whom the judgment sought will function and operate so as to compel *it* to perform *its* contract, or respond to *its* other obligations. In re Ayers, supra; Hagood v. Southern, 117 U.S. 52, 6 S.Ct. 608, 29 L.Ed. 805; Louisiana v. Jumel, 107 U.S. 711, 2 S.Ct. 128, 27 L.Ed. 448.

The *second,* in which there is an invasion of a *legal* right, either on the part of the Government, or an officer of it, acting either under color of an unconstitutional statute, or in excess of the power validly conferred by a constitutional one.

It is to be noted however, that the right invaded must be a *legal* one " * * * one of property, one arising out of contract, one protected against tortious invasion, or one founded on a statute which confers a privilege * * *." Tennessee Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 137, 138, 59 S.Ct. 366, 369, 83 L.Ed. 543.

What is the right sought to be enforced here?

It certainly is not one of property; the complainant has no right to *the monies* appropriated by Congress for the Navy Department.

There most certainly is no *tortious* invasion of any *right* of the complainant by the defendant Forrestal, nor is there any right arising out of any privilege conferred by statute.

And if, arguendo, it is urged that the complainant's case is bottomed on a right arising out of contract—what is the nature of the relief sought?

Stripped of all legal verbiage, and reduced to its simplest terms, it is sought to force the United States, through Forrestal in his official capacity—as its officer—to perform *its* promise to pay.[1]

■ The defendant Forrestal has no personal interest in the matter and no official authority to grant the relief asked. We conclude, therefore, that the United States is the real party in interest, for against it only would a decree be operative, and the suit thus being in substance one against the sovereign, this court has no jurisdiction.

[1] Wherefore plaintiff prays:

"(a) That this Honorable Court issue forthwith its temporary restraining order against defendants and each of them, their agents, assistants, deputies and employees, and all persons acting or assuming to act under their direction, enjoining and restraining them until the further order of the Court, from

"(1) Withholding or instructing or requesting the United States, or any instrumentality, agency, officer, or agent of the United States to withhold any monies due, or to become due to plaintiff from the United States or any agency or instrumentality thereof

* * * * * *

"(c) That such restraining order be continued in force as an interlocutory injunction until final hearing and determination of this cause;

"(d) That upon final hearing of this cause the interlocutory injunction herein prayed for be made permanent; * * *."

The United States and they alone are to be affected by the relief here sought. The suit therefore in substance is one against the United States, In re Ayers, supra, and can be distinguished from those cases in which a definite right of the complainant has been invaded by the act of the officer in question.

Where the action in fact is one for the recovery of money from the sovereign, the latter " * * * is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Ford Motor Co. v. Dept. of Treasury, supra [65 S.Ct. 350].

The cases cited by the complainant in support of its theory that the United States is not a necessary party can all be distinguished, in that they either are not apposite or fall within the second category referred to above. Tennessee Power Co. v. Tennessee Valley Authority, supra.

Again, a fortiori, " * * * the right to proceed against an individual, even though an officer, to prevent a violation of the Constitution did not include the right to *disregard* (italics supplied) the Constitution by awarding relief which could not rightfully be granted without *impleading* (italics supplied) the United States * * *." Cramp & Sons v. International Curtis Turbine Co., 246 U.S. 28, 40, 38 S.Ct. 271, 273, 62 L.Ed. 560.

The United States is a necessary party here for the decree sought would compel the payment of money out of the Treasury of the United States[2]; or compel the sovereign to perform specifically its contract[3]. For if the plaintiff were to prevail the defendant Forrestal would be compelled to pay money out of the Treasury, the decree thus in effect compelling specific performance on the part of the Government of *its contract*. Thus, the United States is a necessary party, and the suit is, as a consequence, one against the United States and one over which this court has no jurisdiction.

We are not unmindful of the decision of a similar statutory court in this jurisdiction in Lincoln Electric Co. v. Knox, D. C., 56 F.Supp. 308, 309. It is to be noted, however, in that case that the court said " * * * the right of the United States to withhold money owing to Lincoln is unaffected by anything which is asked for here * * *." And there is no claim here that the defendant Forrestal (Knox) has the right to interfere with the contractual relationship existing between the complainant and its customers.

The present case can be distinguished further from the Lincoln case, supra, in that, as has been indicated, the relief here sought would compel the payment of money out of the Treasury, which of course demands as a prerequisite that the United States be made a formal party.

Disposing thus as we must, and have, of the jurisdictional question in limine raised, relative to the others we express perforce no opinion.

Motion to dismiss granted. Counsel will prepare proper order.

BAILEY, Associate Justice (concurring).

Inasmuch as the defendant has filed an affidavit stating that he has suspended payment of a sufficient amount of money to cover the full amount of net refund due under the Renegotiation Act and that there is no possibility that at any time in the future he will or can proceed to collect, by withholding or otherwise, any further sum from plaintiff on account of excess profits realized during its fiscal years 1941 and 1942, the right of the defendant to prevent or endeavor to prevent any prime contractor or subcontractor of the plaintiff from paying any sums due to the plaintiff is not involved in this suit.

Apart from this question, the action is one in which the United States is a necessary party, and I concur in the opinion that this Court is without jurisdiction for that reason.

---

[2] Haskins Bros. & Co. v. Morganthau, 66 App.D.C. 178, 181, 85 F.2d 677, 680, certiorari denied 299 U.S. 588, 57 S.Ct. 118, 81 L.Ed. 433; Cummings v. Hardee 70 App.D.C. 18, 21, 102 F.2d 622, 625.

[3] United States ex rel. Shoshone Irr. Dist. v. Ickes, 63 App.D.C. 167, 169, 70 F.2d 771, 773, and cases cited.