**STACK v. STRANG.**

**Civ. No. 59—361.**

United States District Court
S. D. New York.

Nov. 13, 1950.

Carroad & Carroad, New York City (Herbert D. Cohen, New York City, of counsel), for plaintiff.

9. Becket v. Coe, supra.

10. Jungersen v. Ostby & Barton Co., 335 U.S. 560, 69 S.Ct. 269, 272, 93 L.Ed. 235.

Irving H. Saypol, U. S. Atty., New York City (John D. Kelly, Asst. U. S. Atty., New York City, of counsel), for defendant.

GODDARD, District Judge.

Motion by plaintiff to remand this suit to the New York State Supreme Court upon the ground that the defendant's petition for removal was not timely filed.

This suit was started in the state court by the service of a summons and complaint on March 25, 1950. According to the complaint, the plaintiff sought recovery of one gold coin of the United States commonly known as a "Double Eagle". It did not appear from the pleadings that the defendant, in allegedly wrongfully taking this coin from the plaintiff, was acting as a federal officer. No mention was made of his official capacity.

On July 10, 1950, plaintiff served an amended complaint which alleged that the defendant had wrongfully taken this coin from the plaintiff while acting beyond and outside the scope of his statutory authority and power and that his action was devoid of constitutional, statutory or other valid authority or power in support thereof. On July 24, 1950, the defendant filed in this court his petition for removal.

Section 1446(b) of Title 28 United States Code Annotated, provides:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"*If the case stated by the initial pleading is not removable*, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." [Italics supplied.]

The defendant, an agent of the Secret Service Treasury Department, based his petition for removal on Section 1442(a) (1) of Title 28 United States Code Annotated, which grants the right of removal to "Any officer of the United States or any agency thereof, or person acting under him, *for any act under color of such office* * * *". [Italics supplied.]

Since it did not appear from the pleadings that the defendant was being sued for an act performed under color of his office until the defendant received a copy of the amended complaint and since he filed his petition for removal in this court within twenty days after receiving the amended complaint, his petition was timely filed.

Motion to remand is denied.

Settle order on notice.

On Motion to Dismiss.

Motion to dismiss the complaint under Rule 12(b) (1, 2, 6, 7) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

On March 15, 1933 there were minted by the United States in its mint at Philadelphia, Pennsylvania, 445,500 Twenty Dollar gold coins, known as "Double Eagles". On March 6, 1933 the President of the United States had proclaimed a bank holiday prohibiting banks from paying in gold coin. No. 2038, 48 Stat. 1689. Pursuant to Executive orders of the President of the United States No. 6102, dated April 5, 1933, and No. 6260, dated August 28, 1933, 12 U.S.C.A. § 95a note, the said "Double Eagles" were withheld from circulation and none were ever issued as currency. The Gold Reserve Act of 1934, 31 U.S.C.A. § 315b, prohibited the coinage and payment of gold coins by the United States. Nevertheless, in September, 1943 the plaintiff came into possession of one of these "Double Eagle" coins. The Treasury Department learned of this, and on May 15, 1945, Herbert E. Gaston, Assistant Secretary of the Treasury, wrote to the plaintiff as follows: "This Department is advised that there is in

your possession one double eagle minted in 1933; and an investigation of the circumstances under which this and several identical coins came into the hands of private persons has disclosed that they were embezzled or stolen from the United States. In view of the provisions of Section 48 of the Criminal Code [U.S.C. Title 18, Section 101 [1]] making unlawful the retention, with knowledge, of property of the United States which has been embezzled or stolen, I wish to advise that an Agent of the Secret Service will call upon you in the near future to receive from you the coin in question."

On June 20, 1945 the plaintiff delivered the said coin to the defendant, a Secret Service Agent, for delivery to the Treasury Department. At the same time, the plaintiff wrote a letter addressed to the Treasury Department, reading as follows:

"Pursuant to your letter of May 15, 1945, there is being delivered *to your representative* herewith under protest and under legal duress a gold coin described as follows: one double eagle coined in 1933.

"I reserve the right to institute such legal proceedings as may be necessary for its recovery." [Emphasis supplied]

On March 23, 1950 this suit was commenced in the Supreme Court of the County and State of New York. The original complaint alleged that the plaintiff, a collector of rare coins, was, and still is, the owner and entitled to immediate possession of a gold coin of the United States, known as a "Double Eagle", and that the defendant wrongfully, unlawfully and against the will of the plaintiff took said gold coin from the custody and possession of the plaintiff. The complaint sought return of the coin or, if return could not be made, damages for its value and for the alleged wrongful detention.

By order entered June 26, 1950, Mr. Justice Henry C. Greenberg of the New York Court held the action to be one in replevin and dismissed the complaint as a suit against the United States, but with leave to the plaintiff to amend.

The plaintiff then served an amended complaint which added to the initial complaint allegations that the defendant, in taking said coin, was "acting beyond and outside the scope of his authority and power" and that defendant's action in taking said coin was "devoid of any constitutional, statutory or other valid authority or power in support thereof". The suit was then removed to this court under the authority of Section 1442(a) (1) of Title 28 United States Code Annotated.

The defendant now moves for dismissal on the ground that the suit is really against the United States and urges that since the government has not consented to be sued, this court is without jurisdiction to hear this case.

Although this suit was started against the defendant individually, the designation by the plaintiff of the party defendant is not conclusive. In a similar situation in State of Minnesota v. Hitchcock, 185 U.S. 373, 22 S.Ct. 650, 656, 46 L. Ed. 954, the Supreme Court said—" * * * If whether a suit is one against a state is to be determined, not by the fact of the party named as defendant on the record, but by the result of the judgment or decree which may be entered. The same rule must apply to the United States."

The most recent Court decision of the Supreme Court of the United States on the question of whether a suit is really against the United States and one in which the United States must consent before it can be sued is Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628. Under the authority of that case, this suit must be dismissed as a suit against the United States. In the Larson case, 337 U.S. at page 691, note 11, 69 S.Ct. at page 1462, the court said—"Of course, a suit may fail, as one against the sovereign, even if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers, if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sover-

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 641.

eign or the disposition of unquestionably sovereign property.' North Carolina v. Temple, 1890, 134 U.S. 22, 10 S.Ct. 509, 33 L.Ed. 849."

The relief sought here is the return of the coin which is now in the possession of the sovereign and the ownership of which is claimed by the sovereign. Affirmative action by the sovereign would be required in order to grant the relief requested here.

The reasoning of the Supreme Court in Goldberg v. Daniels, 1913, 231 U.S. 218, 34 S.Ct. 84, 58 L.Ed. 191, explained and reaffirmed in the Larson case, is also applicable here. The Goldberg case concerned the effect of a claimed sale of Government surplus property. The plaintiff, claiming title to a surplus war vessel through purchase, brought a petition for a mandamus compelling the Secretary of the Navy to deliver the vessel to the plaintiff. The Supreme Court held that the suit must fail as a suit against the United States. Chief Justice Vinson, 337 U.S. at page 700, 69 S.Ct. at page 1467, of the Larson opinion, referring to the decision in the Goldberg case, said—"In so holding the court said, in effect that the question of title was immaterial to the court's jurisdiction. Wrongful the Secretary's conduct might be, but a suit to relieve the wrong by obtaining the vessel would interfere with the sovereign behind its back and hence must fail."

In the case at bar, title and the right to possession is claimed by both the plaintiff and the United States. Although this suit is ostensibly against the defendant as an individual and alleges wrongdoing under the color of his office, the plaintiff is really trying to take possession from the United States and this suit would "interfere with the sovereign behind its back".

This suit must therefore fail as a suit against the United States. Since the United States has not granted permission to be sued, this court is without jurisdiction.

Motion to dismiss is granted.

Settle order on notice.