**STACK et al. v. STRANG.**

**No. 196, Docket 21928.**

United States Court of Appeals, Second Circuit.

Argued June 11, 1951.

Decided July 19, 1951.

---

Carroad & Carroad, New York City, for appellants; William S. Hauser, New York City, of counsel.

Irving H. Saypol, U. S. Atty., New York City, for appellee; John D. Kelly, Asst. U. S. Atty., New York City, of counsel.

Before SWAN, AUGUSTUS N. HAND and L. HAND, Circuit Judges.

SWAN, Chief Judge.

The appellants are executors of the estate of James A. Stack who died after his appeal was taken. Mr. Stack was a collector of rare coins. His collection included a twenty dollar gold piece, dated 1933, of an issue minted by the United States. The Treasury Department notified him that this coin had been stolen from the United States, that he was not entitled to retain it, and that a Secret Service agent would call upon him to receive it. In June 1945 Mr. Stack delivered the coin to such agent under protest and with an express reservation of the right to institute legal proceedings for its recovery. With that object the present action was brought in March 1950 in the Supreme Court of the State and County of New York against the agent to whom the coin had been delivered under protest. By order entered June 26, 1950 the complaint was dismissed with leave to amend. An amended complaint was filed on July 10th, and on July 24th the defendant caused the case to be removed to the federal court pursuant to 28 U.S.C.A. § 1442(a) (1) which permits removal of an action against an officer of the United States "for any act under color of such office". Thereafter the defendant moved to dismiss the complaint and the plaintiff countered with a motion to remand on the ground that the petition for removal was filed too late. In an opinion reported in 94 F.Supp. 54 the district court denied the plaintiff's motion to remand and granted the defendant's motion to dismiss.

Upon the appeal the first question for consideration is the denial of the motion to remand. If this should have been granted, we cannot deal with the controversy as to the propriety of dismissing the amended complaint. The district court's opinion refers only to the original complaint and the amended complaint; it held that the petition for removal was timely because it was filed within twenty days after the defendant was served with a copy of the amended complaint. The original complaint did not allege that the defendant was an officer of the United States who took possession of the coin by

virtue of his office. Hence it did not start the time running within which to remove the case, and the second paragraph of 28 U.S.C.A. § 1446(b) provides the applicable language.[1] The amended complaint also failed to allege that the defendant was an officer of the United States but it did contain allegations that in taking the coin he was acting "outside the scope of his statutory authority and power" and that his action "was devoid of any constitutional, statutory or other valid authority or power." Whether these allegations were sufficient to show that the defendant took the coin "under color" of his office as an official of the United States we need not say because the defendant had previously obtained such information from the order of the state court dismissing the original complaint. This order contained the following recitals:

"While the action * * * purports to be against the defendant individually, actually it is against the United States. The defendant is a member of the United States Secret Service, Treasury Department, and the plaintiff delivered the coin to the defendant as a representative of the Treasury Department. The action being possessory seeks to wrest possession from the United States. * * * Since, as such, it is against the United States and the government has not consented to be sued, the court is without jurisdiction over the action * * *"

Obviously from these recitals it may "be ascertained that the case is one which is * * * removable." The defendant received a copy of the order not later than June 29, 1950, for on that date he served on the plaintiff a copy. Under the second paragraph of 28 U.S.C.A. § 1446(b) a petition for removal must be filed within twenty days "after receipt by the defendant, through service or otherwise, of a copy of an * * * order or other paper from which it may first be ascertained that the case is one which is * * * removable." Consequently the time for removal started to run not later than June 29th and the petition for removal filed on July 24th was untimely. What the plaintiff can gain by remand is not apparent, but that is not our concern.

Order reversed and cause remanded to the state court.

---

1. Section 1446(b), 28 U.S.C.A., provides:
   "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
   "If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."