Robert Dale **FUQUA**, Plaintiff,

v.

**GULF, COLORADO AND SANTA FE RAILWAY COMPANY, and R. D. Wheelock, Defendants.**

**No. 5130.**

United States District Court
E. D. Oklahoma.

July 24, 1962.

Riddle, Riddle & Mordy, Ardmore, Okl., and Rucker, Tabor, Best, Sharp & Shepherd, Tulsa, Okl., for plaintiff.

Rainey, Flynn & Welch, Oklahoma City, Okl., and Bonds & Matthews, Muskogee, Okl., for defendants.

BOHANON, District Judge.

This is a Motion by plaintiff to Remand and by the defendant R. D. Wheelock to Dismiss.

This is a personal injury action arising out of a railroad crossing accident between one of the defendant railroad's trains and an automobile driven by the plaintiff. The action was instituted in the State District Court of Carter County, Oklahoma, on August 14, 1961. The action as filed named Gulf, Colorado and Santa Fe Railroad Company and R. D. Wheelock defendants. The plaintiff is a citizen and resident of Carter County, Oklahoma. The railroad company is organized under and has its principal office in the State of Texas. R. D. Wheelock is a citizen and resident of Carter County, Oklahoma. The issues were made up in the State District Court and the case was set for trial. It was admitted by the railroad company that Wheelock was its agent. The Petition charged that the agent Wheelock was negligent:

1. In failing to ring a bell or sound a whistle in violation of the laws of Oklahoma.

2. In operating the train at a careless and dangerous rate of speed.

3. In failing to keep proper lookout.

4. In failing to use the degree of caution an ordinary person under similar circumstances would use.

Under the issues as made up in State Court the case was not removable to Federal Court. 28 U.S.C. § 1332(a) (1).

On March 16, 1962, pursuant to notice, plaintiff took the deposition of the defendant Wheelock, and it was then disclosed for the first time that Wheelock was the conductor of the train and before and at the time of the accident was in the caboose at the rear end of the train; that he had no duty to do and perform the acts which he was charged with performing or failing to perform as stated above. These duties were those of the engineer of the train. When these facts were brought out by the deposition taken by the plaintiff, the defendant railroad company on the same day filed in this Court its Petition, Bond, et cetera, for Removal, as provided by 28 U.S.C. § 1446(a) (d) (e), and on the same day the defendant Wheelock moved the Court to dismiss the claim as to him because it failed to state a claim upon which relief could be granted.

Upon the Motion to Remand the plaintiff contended that the Petition for Removal was not timely filed as required by 28 U.S.C.A. § 1446, asserting that the defendant railroad company at all times since the institution of the case in the State District Court had knowledge of the facts brought out in the deposition and therefore its Petition for Removal should have been filed within 20 days after service of summons upon defendant railroad.

28 U.S.C.A. § 1446(b) provides in the second paragraph:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper, from which it may first be ascertained that the case is one which is or has become removable." (Emphasis supplied.)

Plaintiff further contended that because of defendant railroad company's knowledge of the facts brought out in the deposition their failure to remove within 20 days from the service of summons amounted to a waiver of their right to do so.

The Court holds that the defendants' removal was timely under Section 1446 (b) inasmuch as it was effected within the time provided in said section. The case was removed by the defendant railroad company after it was first ascertained that it was removable. The initial

pleading and subsequent pleadings filed in State Court stated facts showing that it was not removable. The right to remove dates from the receipt of a pleading, amended pleading, motion or *other paper* from which it may first be ascertained that the case is removable. Section 1446(b) supra.

 The discovery deposition taken by the plaintiff was taken pursuant to the laws of Oklahoma authorizing the same and was such "other paper" within the meaning of Section 1446(b) from which defendant first ascertained that the case was removable and defendant had 20 days thereafter to remove the case. Stack v. Strang, 2 Cir., 191 F.2d 106; Morschauser v. American News Company, D.C.N.Y., 158 F.Supp. 517; Gilardi v. Atchison, Topeka and Santa Fe Ry. Co., N.D.Illinois, E.D., 189 F. Supp. 82.

Plaintiff's next contention that defendant waived its right to remove because of its knowledge of the true facts is untenable. As the pleadings stood before the deposition was taken, affirmative acts of negligence against the resident defendant appeared in plaintiff's petition, and defendant railroad company could only assume, as the Court would assume on removal, that plaintiff would or could offer proof to support these acts of negligence regardless of what may appear in the files of the defendant railroad company or its knowledge of the actual facts.

The discovery deposition was a part of the State judicial process (12 O.S.A. § 383) and constituted such "other paper" as referred to in the statute. Defendant railroad company therefore had 20 days from the taking of that deposition to remove the case to the Federal Court.

Plaintiff cites Lusk v. Lyon Metal Products, Inc., D.C.Mo., 9 F.R.D. 250, to support its contention that the case must be removed within 20 days from receipt of initial pleading. This case is not in point. The question involved in the Lusk case was whether the Court had the power to extend the time for filing Petition for Removal under Rule 6(b) of the Rules of Civil Procedure, 28 U.S. C.A., and the Court held that there was no authority to extend the time beyond the 20 days provided by the statute.

With respect to the defendant Wheelock's Motion to Dismiss, it should be noted as aforesaid that it was not his duty, as disclosed by the deposition, to perform or fail to perform any of the acts of negligence charged against him in the Petition. He was the conductor of the train and was riding in the caboose at the rear and the only grounds for liability on his part to third persons would arise only from acts of positive wrong and negligence, which the deposition failed to disclose. See Scott v. Huffman and the Atchison, Topeka and Santa Fe Railway Company, a Corporation, 10 Cir., 237 F.2d 396.

The Motion of the plaintiff to remand is denied, and the Motion of R. D. Wheelock to dismiss is sustained.