# CHAMPION COATED PAPER COMPANY *v.* JOINT COMMITTEE ON PRINTING OF CONGRESS.

---

PUBLIC PRINTING; MANDAMUS.

Under that provision of the Act of Congress of January 12, 1895 (28 Stat at L. 601, chap. 23, Comp. Stat. 1916, sec. 6953), relating to public printing and binding and the distribution of public documents, which provides that the Joint Committee on Printing created by the act shall award contracts "to the lowest and best bidder for the interest of the government," the Joint Committee has the power to reserve the right, in its advertisements for bids, to reject any or all bids in its discretion; and its action in rejecting a bid, although it is the lowest, cannot be reviewed in a mandamus proceeding instituted by such bidder.

No. 3114.   Submitted November 5, 1917.   Decided December 3, 1917.

---

NOTE.—On mandamus to compel award of public contract to lowest bidder, see note in 30 L.R.A.(N.S.) 128.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, dismissing a petition for a writ of mandamus after the court had refused to issue a rule to show cause. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment of the supreme court of the District dismissing a petition for a writ of mandamus to compel the Joint Committee on Printing, of Congress, composed of three members of the Senate and three members of the House of Representatives, to award appellant a contract for furnishing paper. The court declined to issue a rule to show cause, and, appellant, the Champion Coated Paper Company, electing to stand upon its petition as filed, the court dismissed the same and this appeal followed.

.The Act of January 12, 1895 (28 Stat. at L. 601, chap. 23, Comp. Stat. 1916, sec. 6953), "Providing for the Public Printing and Binding and the Distribution of Public Documents," declares that there shall be a Joint Committee on Printing, consisting of three members of the Senate and three members of the House of Representatives. Under the direction of that committee the Public Printer is directed to advertise "for sealed proposals to furnish the government with paper, as specified in the schedule to be furnished to applicants by the Public Printer." (Sec. 3.) These sealed proposals "shall be opened in the presence of the Joint Committee on Printing, and the contracts shall be awarded by them to the lowest and best bidder for the interest of the government." (Sec. 5.) The Public Printer, on the first day of each regular session, is required "to report to Congress the exact condition and the quantity and cost of all printing, binding, lithographing, and engraving; the quantity and cost of all paper purchased for the same; a detailed statement of all proposals and contracts entered into for the purchase of paper and other materials, and for lithographing and engraving." (Sec. 22.)

According to the averments of the petition and the exhibits attached thereto, the Public Printer, on February 2, 1917, ad-

vertised for proposals for furnishing certain paper from March 1, 1917, to February 28, 1918. The advertisement contained the following provision: "The committee (Joint Committee on Printing) reserves the right to reject any or all bids or to accept any bid or any part and reject the other part, if, in its opinion, such action would be in the interest of the government."

On February 17th the bids advertised for, including that of appellant, were opened by the committee, and it is alleged that, although appellant's bid was the lowest on many of the items and the prices stated were reasonable and consistent with the market prices, and although appellant had complied with every requirement of the law, "nevertheless the Joint Committee on Printing, without authority of law and in utter disregard of the legal rights of your petitioner, arbitrarily rejected all of the bids of your petitioner and instructed the Public Printer to notify your petitioner that said committee had rejected all of its bids and that the government would purchase in the open market the paper called for in the advertisement of February 2, 1917, aforesaid."

*Mr. Frank E. Elder,* for the appellant, in his brief cited:

*Osborne* v. *Bank,* 9 Wheat. 819; *Marbury* v. *Madison,* 1 Cranch, 137; *Kentucky* v. *Dennison,* 24 How. 66; *Kansas* v. *Colorado,* 185 U. S. 125; *Kentucky* v. *United States,* 204 U. S. 331; Printing Act Jan. 12, 1895, 28 Stat. at L. 601; Senate report N. 18—52d Congress, 1st Session; 28 Ops. Atty. Gen. 254; *State ex rel. Whedon* v. *York County,* 13 Neb. 57; *State ex rel. Woodruff-Dunlap Printing Co.* v. *Cornel,* 52 Neb. 25; *People ex rel. Putnam* v. *Buffalo Co.* 4 Neb. 150; *People ex rel. Nathew* v. *Buffalo,* 5 Misc. 36, 25 N. Y. Supp. 50; *Beaver* v. *Darke Co.* 21 Ohio St. 311; *Beaver* v. *Institution for Blind,* 19 Ohio St. 97; *State* v. *Marion Co.* 39 Ohio St. 188; *Wolfe* v. *McCaull,* 76 Va. 876; *Gray* v. *State,* 72 Ind. 567; *State ex rel. Benton* v. *Elder,* 31 Neb. 169; *Ex parte Pickett,* 24 Ala. 91; *State* v. *Moffitt,* 5 Ohio, 362; *Ex parte Parker,* 120 U. S. 737; *Hudson* v. *Parker,* 156 U. S. 277; *Ex parte Schollenberger,* 96 U. S. 369; *Virginia* v. *Paul,* 148 U. S. 107; *Re Hohorst,* 150

U. S. 563; *Re Conway,* 178 U. S. 421; *Re Christenson,* 194 U. S. 458; *Re Winn,* 213 U. S. 458; *Re Key,* 189 U. S. 84; *Re Washington & G. R. Co.* 140 U. S. 91; *Lane* v. *Hodlund,* U. S. Adv. Ops. 1916, p. 558.

No appearance was entered for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

The action of the committee in rejecting all bids amounted to nothing more than an exercise of the discretion reserved to it in the advertisement under which the bids were submitted. In exercising the powers conferred under the act it of course was necessary for the committee to determine by reference thereto the extent of those powers; and to justify the interference by a court through mandamus it should clearly appear that there was no basis for the committee's interpretation of the act. *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356. The act was passed in 1895, and it is common knowledge that for many years the provision here in question has been inserted in all advertisements. In view of the character of the reports which are required to be made to Congress by the Public Printer under section 22 of the act, it is reasonable to believe that the interpretation of the committee has met the approval of Congress. It is apparent, therefore, that there is no basis for a finding that the committee's interpretation of its powers was arbitrary or capricious. Moreover, if we examine the statute without reference to the interpretation placed upon it by the committee, the same result will be reached; for it is our view that the provision requiring contracts to be awarded "to the lowest and best bidder for the interest of the government" lodges a discretion with the committee, which may not be controlled by mandamus. In other words, if, in the judgment of the committee, there is no "lowest and best bidder for the interest of the government," then the committee is not called upon to award a contract, and that is precisely the course pursued in the present case.

The judgment is affirmed, with costs.                *Affirmed.*