## ROYAL SUNDRIES CORP. v. UNITED STATES et al.

### Civ. 13163.

United States District Court
E. D. New York.
March 23, 1953.

Louis Granick, New York City, for plaintiff.

Frank J. Parker, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., by Jesse G. Silverman, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

BYERS, District Judge.

These motions by defendant to dismiss for failure to state a cause, etc., and by plaintiff for discovery were argued together and will be disposed of in the same way.

The plaintiff asserts a Tucker Act cause based upon its failure to secure a contract for arch supports for which it submitted, on November 7, 1952, a sealed bid to the Armed Services Medical Supply Procurement Agency. Individual defendant Currie is described as the Chief of Agency; Angell as Chief of Purchases; and Eyer as Chief of Materials Standards, all in the armed forces of the United States. The government is likewise named as a defendant.

The complaint recites the submission of a sealed bid pursuant to invitation duly issued; that its bid was the lowest of five; that the several defendants "unlawfully, illegally and without justification" refused to award the bid to plaintiff, but made the award to a higher bidder.

The plaintiff seeks judgment (a) nullifying the award as made, and for an award to plaintiff, and for such other etc., or (b) judgment for $4,588 with interest and costs.

The sum mentioned seems to be the figure which it offered to accept for the subject-matter, as delivered.

The defendants' motion is countered by argument that the suit is maintainable under Larson v. Domestic etc., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 and Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 40 L.Ed. 599.

In the first an injunction was sought to prevent a sale which the plaintiff asserted to be in contravention of a contract which he had entered into with the Administrator of War Assets. The government was not a party, and dismissal for lack of jurisdiction was upheld.

The second was a suit in equity for an injunction based upon alleged infringement of plaintiff's patent by the defendants who were government employees. In the Circuit Court (this was in 1895) the plaintiff prevailed. The Supreme Court held that the offending structure (caisson gate used in a navy yard) was the property of the United States which was the true party in interest and therefore an indispensable

party defendant against whom the injunction would not lie.

The assistance which those cases render to plaintiff is not apparent. It also cites Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 in which a cause for damages was asserted by plaintiffs by reason of alleged violation of their rights under the Fourth and Fifth Amendments on the part of F.B.I. agents. A dismissal for lack of federal jurisdiction was reversed. Seemingly the language appearing on page 682 of 327 U.S., 66 S.Ct. 773 is relied upon by this plaintiff, but it has no application to this situation as presently understood.

■ This complaint contains no allegation of any right, statutory or otherwise, that the defendants have violated. The statement that the defendants "illegally, unlawfully and unjustly deprived it" of the award, is a conclusion not deemed to be admitted on this motion, in the absence of an allegation of the basis for an assertion that the mere submission of a low bid cast upon the defendants the duty of acceptance.

In Fielding v. Allen, 2 Cir., 181 F.2d 163, the court examined into the necessity for requiring security from a plaintiff in a stockholders derivative suit. Why the case is cited by this plaintiff does not appear.

The deficiency in the complaint above referred to is probably to be explained by language of the statute governing Procurement by Armed Services, Tit. 41 U.S.C.A. §§ 151 and 152. The latter reads:

" § 152. *Advertisements for bids; time; opening of bids; award or rejection of bids*

"Whenever advertising is required—

"(a) The advertisement for bids shall be a sufficient time previous to the purchase or contract, and specifications and invitations for bids shall permit such full and free competition as is consistent with the procurement of types of supplies and services necessary to meet the requirements of the agency concerned.

"(b) All bids shall be publicly opened at the time and place stated in the ad-

vertisement. Award shall be made with reasonable promptness by written notice to that responsible bidder whose bid, conforming to the invitation for bids, will be most advantageous to the Government, price and other factors considered: *Provided,* That all bids may be rejected when the agency head determines that it is in the public interest so to do."

The subject of the status of a bidder was presented in the case of Goldberg v. Daniels, 231 U.S. 218, 34 S.Ct. 84, 58 L.Ed. 191.

■ The defendants argue that plaintiff is really seeking a mandamus so far as concerns the prayer for nullification of the award as made and the granting thereof to plaintiff. So much is obvious. In the absence of an independently conferred jurisdiction to which relief here sought would be ancillary, this court is without jurisdiction. Marshall v. Crotty, 1 Cir., 185 F.2d 622.

A suit against the United States for money damages is provided for in 28 U.S. C. § 1346, and later explanatory sections, but nowhere is relief such as this plaintiff seeks provided for by statute.

■ Since the United States is the real party in interest so far as the complaint discloses, statutory warrant by way of consent to be sued, is a necessary part of any plaintiff's case, and none is exposed in the pleading here under examination.

It thus appears that the defendants' motion is justified, and must be granted. While I doubt that an amended complaint can be formulated which would avoid the discrepancies in this pleading, the right will be reserved to the plaintiff if exercised within twenty days after service of the order on this decision.

The plaintiff's motion for discovery will be denied, in view of the foregoing, without prejudice to a new motion for similar relief, if an amended complaint that proves to be legally sufficient, shall hereafter be filed.

Settle order.