### ROYAL SUNDRIES CORP. v. UNITED STATES et al.

#### Civ. No. 13163.

United States District Court E. D. New York.

May 15, 1953.

Louis Granick, New York City, for plaintiff.

Frank J. Parker, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., by Jesse G. Silverman, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

BYERS, District Judge.

This is a defendants' motion to dismiss an amended complaint filed pursuant to order entered upon the decision dated March 23, 1953 of a prior motion, D.C., 111 F. Supp. 136, which was directed to the original complaint filed December 29, 1952.

The amended pleading has been carefully compared with its predecessor and the following differences in form have come to light: Four new paragraphs have been inserted between old number 5 and new number 10, which latter is exactly old number 6.

They allege in substance that the defendants by-passed plaintiff's low bid "without any consideration or evaluation thereof with that of the other bidders upon the same and equal terms as required by law;" that plaintiff's bid was declined because of the use of standards not required by the specifications, nor exacted of competing bidders; that defendants conducted no tests nor did they make an analysis of plaintiff's tendered products (arch supports) which were manufactured for military use and conformed to standard specifications; that all of this was done to favor two higher bidders "who are regular and standard bidders before the Armed Services Medical Procurement Agency."

The Wherefore clause asks the same money judgment as in the original complaint, or in the alternative (which is new) a declaratory judgment that plaintiff's rights have been violated and that it is entitled to judgment in that sum, which is the price quoted by it for the supplies it offered to sell pursuant to advertisement.

The fundamental difficulty with the plaintiff's cause is that the law does not in terms, or by necessary implication, provide that the submission of a low bid automatically compels the Government or its agents, to enter into a contract of purchase with the low bidder.

The statute was quoted in the former opinion, and will not be here repeated, but

the purpose to reserve the right to accept or reject any or all bids is too clear to admit of argument.

It is true that there is implicit in the invitation to bid, and probably in the applicable regulations, an undertaking of good faith on the part of the agency of acquisition, in deciding whether or not to enter into a contract of purchase, once the bids have been received and considered. Since, however, entire freedom of action in making that decision is necessarily inherent in the purchasing function, it is equally clear that allegations such as those presented in the amended pleading, if assumed to be true for present purposes, still fall short of spelling out the breach of contract rights. The result must be the same whether a money judgment be sought, or a declaration that such a judgment is appropriate.

Since the amended complaint is as deficient in the legal sense as was the original, the defendants' motion to dismiss is granted. Settle order.