**O. V. OYLER, Appellant,**

v.

**Douglas McKAY, Secretary of the Department of Interior, a United States Government Agency; and Lewis L. Strauss, H. D. Smith, Joseph Campbell, Dr. Henry D. Smyth, Thomas E. Murray and Eugene M. Zuchert, Atomic Energy Commission, a United States Government Agency, Appellees.**

**No. 5151.**

United States Court of Appeals Tenth Circuit.

Oct. 27, 1955.

Richard J. Hogan, Salt Lake City, Utah, for appellant.

Fred W. Smith, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, Roger P. Marquis, Atty., Department of Justice, Washington, D. C., were with him on the brief), for appellees.

Before BRATTON, MURRAH, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The appellant and three others brought this suit against Douglas McKay, Secretary of the Department of Interior, a United States Government Agency, and Lewis L. Strauss, H. D. Smith, Joseph

Campbell, Dr. Henry D. Smyth, Thomas E. Murray, and Eugene M. Zuchert, Atomic Energy Commission, a United States Government Agency, to set aside and declare an order and judgment of the Secretary of the Department of Interior fraudulent and void; and for a decree that the plaintiffs' location of a mining claim was a good, valid and subsisting mineral location; that the plaintiffs be adjudged the right of possession thereof including the right to develop, explore, mine, remove and sell the ore therein; and that the defendants be restrained from interfering with the plaintiffs' possession of said mining claim. The trial court entered a judgment in favor of the defendants and against the plaintiffs upon the ground that the United States was an indispensable party and had not consented to be sued.

The complaint alleges that Douglas McKay is the Secretary of Interior, a Government Agency of the United States, and that the remaining defendants compose the Atomic Energy Commission, a Government Agency of the United States; that on or about May 26, 1937, the plaintiffs entered upon the unreserved, unoccupied public domain of the United States in an unknown mining district situated in the "Grand Wash Canyon" in Utah, and in accordance with the law, located a mining claim containing a vein of valuable mineral; and that the plaintiffs caused the notice of the location of this mining claim to be duly recorded in the office of the County Recorder of Wayne County, Utah.

It is alleged that on or about August 2, 1937, the President of the United States by proclamation withdrew and set apart the area embracing the "Grand Wash Canyon" as a national monument in accordance with the authority granted him by statute;[1] that on November 25, 1941, pursuant to the statute relating to the control and management of public lands, the Secretary of the Interior through his subordinate, the Commissioner of the General Land Office, filed an action in the District Land Office to adverse the rights of the locators of the claim on the grounds that the lands embraced within the claim were nonmineral in character, and that minerals had not been found within the limits of the claim in sufficient quantities to constitute a valid discovery; and that all of the plaintiffs, except the appellant Oyler, through ignorance, inadvertence and mistake appeared at the local land office of the register prior to the default date thereof, made an oral protest thereto, and asserted the validity of their claim. Oyler was never served with notice of the adverse proceedings.

The complaint further alleges that on or about October 7, 1942, the then Secretary of the Department of Interior, through the Commissioner of the General Land Office, arbitrarily and fraudulently and contrary to the United States Constitution caused to be entered in the adverse proceedings a default judgment against the plaintiffs voiding and vacating the mining claim location, on the grounds that the claim was nonmineral, and that minerals in sufficient quantities to constitute a valid discovery had not been found within the limits of the claim; that plaintiffs appealed from that decision, and on March 7, 1950, the Secretary of the Department of Interior through the Solicitor of the Department of Interior, affirmed the decision.

The plaintiffs then allege that on or about April, 1952, the Secretary of the Interior transferred the mineral properties to the Atomic Energy Commission, the members of which are named as defendants in the instant action.

The trial court denied a motion to quash the service of summons and to dismiss the complaint on the grounds that the action was in personam; that the defendants were inhabitants of the District of Columbia; and that the court could not make valid service upon or acquire jurisdiction of the defendants. The defendants answered and alleged, inter alia, that the action was in effect a

1. 16 U.S.C.A. § 431.

suit against the United States, since its property and property rights and interests were directly involved, and that it should be dismissed because the United States had not consented to be sued. A motion for summary judgment was denied.

The case was tried and the trial court found that the United States was a necessary party defendant to the suit; that the United States could not be made a party defendant because it had not given its consent to be sued in an action of this nature; and concluded that the defendants were entitled to a judgment in their favor.

This court has recently had occasion to pass upon the precise question in issue in State of New Mexico v. Backer, 10 Cir., 199 F.2d 426, wherein it was held that the enjoining of the construction engineer and certain employees of the Bureau of Reclamation from reducing the water level of a reservoir operated by government employees interfered with the management and control of property of the United States and raised questions of law and fact upon which the United States would have to be heard.

■ In that case, this court relied upon Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, wherein the Supreme Court reviewed the many cases involving the question of when an action against a government officer is in fact one against the United States. The court concluded that the two types of cases in which an action may be maintained against Government officers are where the officer is acting beyond his delegated power and when the statutes or order conferring power upon the officer to act is unconstitutional or invalid. The test is whether by obtaining relief against the officer, relief will not, in effect, be obtained against the sovereign.[2]

■■ In this case, Oyler sought to set aside the order of the Secretary of the Department of Interior, have his location of a mining claim decreed to be valid, and be adjudged the right to develop, explore, mine, remove, and sell the ore therein. The very purpose of the action is to determine whether Oyler's mining claim was sufficient to entitle him to possession and to take ore from land which is admittedly a part of the public domain and now a national monument. The action attempts to restrain government officials from exercising valid governmental authority by virtue of their respective offices over lands belonging to the United States. No contention is made that the officers acted beyond their statutory authority, or that the law or orders under which they acted were unconstitutional. The relief sought will affect land and ore belonging to the United States, and the latter has not consented to be sued. In the absence of such consent, the suit must fail. Larson v. Domestic & Foreign Commerce Corp., supra; United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Morrison v. Work, 266 U.S. 481, 45 S.Ct. 149, 69 L.Ed. 394; Goldberg v. Daniels, 231 U.S. 218, 34 S.Ct. 84, 58 L.Ed. 191; State of New Mexico v. Backer, supra.[3]

Affirmed.

2. In the Backer case we said that it is "well settled that whether an action is one against the sovereign is determined not by the party named as defendant, but by the result of the judgment or decree which may be entered." [199 F.2d 427.]

3. In Morrison v. Work, supra, the Supreme Court said [266 U.S. 481, 45 S. Ct. 151]: "The claim of the United States is at least a substantial one. To interfere with its management and disposition of the lands or the funds by enjoining its officials, would interfere with the performance of governmental functions and vitally affect interests of the United States. It is therefore an indepensable party to this suit. It was not joined as defendant. Nor could it have been, as Congress has not consented that it be sued. The bill so far as it complains of acts done pursuant to the later legislation, was properly dismissed for this reason, among others." (Footnotes omitted.)