238 F.2d 936
 OGDEN RIVER WATER USERS' ASSOCIATION, a corporation, Appellant,
v.
WEBER BASIN WATER CONSERVANCY, E. O. Larson, individually
and as Regional Director of the Bureau of Reclamation,
United States Department of Interior; Clinton D. Woods,
individually, and as Projects Manager of the Weber Basin
Project of the United States Department of the Interior; The
Utah Construction Company, Appellees.
 No. 5345.
 United States Court of Appeals Tenth Circuit.
 Oct. 27, 1956.
Rehearing Denied Dec. 10, 1956.
 
 David K. Holther, Ogden, Utah, and John W. Cragun, Washington, D. C. (John S. Boyden, Salt Lake City, Utah, on the brief), for appellant.
 Neil R. Olmstead, Odgen, Utah (E. J. Skeen, Salt Lake City, Utah, on the brief), for appellee Weber Basin Water Conservancy Dist.
 William H. Veeder, Atty. Dept. of Justice, Washington, D. C. (J. Lee Rankin, Asst. Atty. Gen., and A. Pratt Kesler, U.S. Atty., for the District of Utah, Salt Lake City, Utah, on the brief), for appellees E. O. Larson and Clinton D. Woods.
 Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 Appellant Ogden River Water Users' Association[1] is a nonprofit corporation organized and existing under and by virtue of the laws of the State of Utah with its principal place of business at Ogden, Utah. In May, 1934, appellant entered into a contract with the United States, such contract being superseded and amended by subsequent agreements culminating in an amendatory contract dated May 23, 1950,[2] under the terms of which the United States acquired certain lands and water rights necessary for the construction of an irrigation project in Weber County, Utah, known as the Ogden River Project.[3]
 
 
 2
 This contract further provides that the initial cost of acquisition and construction of the Ogden River Project (the heart of which is the Pine View Dam and Reservoir) was to be financed by the United States but to be repaid by appellant through annual installment payments.
 
 
 3
 Appellant acquired a permanent right to the annual yield of the project as constructed[4] and, subject to certain supervisory rights of the United States, was given possessory rights to the lands and appurtenances for operational purposes. Legal title to the project works in their entirety was to remain in the United States 'until the Congress otherwise provides.'
 
 
 4
 At the time of the alleged grievances complained of herein appellant was in possession of the project and supervising both operation and maintenance at its sole expense. Annual payments to the United States were current and all other obligations of the appellant to the United States were being fulfilled.
 
 
 5
 In December, 1952, pursuant to the Congressional authority of the Reclamation Act as amended,[5] the United States contracted with the appellee Weber Basin Water Conservancy District,[6] a Utah corporation, for the construction of the Weber Basin Project.[7] This project was broad in scope but included as one of its essentials the enlargement of the Pine View Dam and Reservoir, which as previously noted constituted the core of the Ogden River Project and which was being maintained and operated by appellant. The contract with the Conservancy District contained a provision that 'The United States shall be under no obligation to commence, or having commenced, to continue construction of the (Weber Basin) project works until * * * (e) the United States and the (Conservancy) district make a contract with the Ogden River Water Users' Association in connection with the enlargement of Pine View Dam and Reservoir, if the Secretary (of the Interior) determines that such contract is necessary'. No such contract was made nor were any condemnation proceedings instituted.
 
 
 6
 Alleging all these matters and the grievances hereinafter noted appellant filed its complaint in the United States District Court for the Central District of Utah under 28 U.S.C. § 1331 and the Federal Declaratory Judgments Act, 28 U.S.C. § 2201, and naming the Conservancy District; E. O. Larson individually and as Regional Director of the Bureau of Reclamation, United States Department of Interior; Clinton D. Woods individually and as Projects Manager of the Weber Basin Project of the United States Department of Interior;[8] and the Utah Construction Company as parties defendant. The complaint recites the in August, 1955, the appellees did, without appellant's permission and over their protest, enter upon the Pine View Dam and began stripping the same to accomplish the construction which is contemplated by the terms of the Weber Basin contract; that by so doing, and by executing the contract itself, the appellee E. O. Larson purported to act in his official capacity, but in fact acted wrongfully and in excess of any right, title, or jurisdiction in the Conservancy District or the United States, and in disregard of appellant's rights under the Fifth Amendment to the Constitution of the United States; that as a result appellant is in danger of being deprived of its rights and properties without just compensation or any compensation, all in violation of the provisions of the Fifth Amendment; and that, alternatively, should the Reclamation Act as amended by the Act of August 29, 1949, he construed to authorize the appellees to take the appellant's interest in the Ogden River Project without their permission and without paying them just compensation that then in that event such statutes are unconstitutional as being contrary to the provisions of the Fifth Amendment of the Constitution. The prayer of the complaint asks that the district court decree and adjudge (1) that appellant 'owns and equitable title in and to the lands comprising the Ogden River Project, including the Pine View Dam and Reservoir', (2) that the appellees and each of them are without lawful right, title or interest to enter upon or make use of any portion of the Ogden River Project under the contract of the Conservancy District relative to the Weber Basin Project, (3) that to the extent that the statutory law of the United States authorizes, if it does so authorize, the acts of the appellees that such statutes are unconstitutional and void under the Fifth Amendment, (4) that the court grant preliminary and permanent injunctions enjoining the appellees from entering upon the Ogden River Project, specifically Pine View Dam and Reservoir, without first having acquired from appellant a lawful right to do so; (5) that the court grant a mandatory injunction requiring appellees to restore appellant's property in the Ogden River Project to the condition in which it was prior to the alleged intrusion; (6) and for general relief.
 
 
 7
 Appellees made separate motions to dismiss upon the several grounds that the United States was an indispensable party; the Secretary of Interior was an indispensable party; that the complaint failed to state a claim upon which relief could be granted. The trial court, without specifying its grounds granted the several motions. No answers were filed and no trial was had upon the merits.
 
 
 8
 For the purpose of determining whether or not appellant has stated a claim under the Declaratory Judgments Act we assume, as we must, that all the allegations of the complaint are true. Chicago Metallic Manufacturing Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518; Consolidation Coal Co. v. Martin, 7 Cir., 113 F.2d 813. And a similar assumption is made as against a motion to dismiss when injunctive relief is sought. Polk Co. v. Glover, 305 U.S. 5, 59 S.Ct. 15, 83 L.Ed. 6. Conclusions of law and unwarranted inferences of fact are excluded from consideration. Zeligson v. Hartman-Blair, Inc., 10 Cir., 126 F.2d 595. Newport News Shipbuilding & Dry Dock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646.
 
 
 9
 This court has recently considered the essence of appellant's contentions in two cases, State of New Mexico v. Backer, 10 Cir., 199 F.2d 426, and Oyler v. McKay, Secretary of the Department of Interior, 10 Cir., 227 F.2d 604. In the New Mexico case, that state sought to restrain Backer, a construction engineer, and certain employees of the United States Bureau of Reclamation from lowering the water level of the Elephant Butte Dam and Reservoir alleging certain resultant damages should Backer's acts continue. This court upheld the order of the trial court in dismissing the action upon the grounds that the suit was, in contemplation of law, a suit against the United States and could not be maintained without sovereign consent; and further that the Secretary of the Interior was an indispensable party.
 
 
 10
 In the Oyler case we held that the United States was an indispensable party in an action wherein the appellant sought to restrain the Secretary of the Department of Interior and members of the Atomic Energy Committee from interfering with appellant's claimed possessory rights to certain lands in Wayne County, Utah. The lands were unreserved, unoccupied public domain of the United States.
 
 
 11
 Our holdings in these cases follow that of the Supreme Court of the United States in Larson v. Domestic & Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628, wherein it is stated:
 
 
 12
 '* * * it has long been established that the crucial question is whether the relief sought in a suit nominally addressed to the officer is relief against the sovereign. In a suit against the officer to recover damages for the agent's personal actions that question is easily answered. The judgment sought will not require action by the sovereign or disturb the sovereign's property. There is, therefore, no jurisdictional difficulty. The question becomes difficult and the area of controversy is entered when the suit is not one for damages but for specific relief: i.e., the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions. In each such case the question is directly posed as to whether, by obtaining relief against the officer, relief will not, in effect, be obtained against the sovereign. For the sovereign can act only through agents and, when the agents' actions are restrained, the sovereign itself may, through him, be restrained. As indicated, this question does not arise because of any distinction between law and equity. It arises whenever suit is brought against an officer of the sovereign in which the relief sought from him is not compensation for an alleged wrong but, rather, the prevention or discontinuance, in rem, or the wrong. In each such case the compulsion, which the court is asked in impose, may be compulsion against the sovereign, although nominally directed against the individual officer. If it is, then the suit is barred, not because it is a suit against an officer of the Government, but because it is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction.'
 
 
 13
 The test, therefore, in the determination of whether an action is one against the United States is not determined by the named parties but is determined by the relief sought and the results of any judgment or decree which might be entered pursuant thereto. If the effect of granting relief against the officer named as a defendant will necessarily result in the same relief against the sovereign then the United States is a necessary party and absent its consent the action will not lie. Jurisdiction fails. However, if it appears from the allegations of the complaint, excluding conclusions of law and unwarranted inferences of fact, that the officer named as defendant is acting beyond his delegated power or if the authority purporting to confer power on him to act is unconstitutional or otherwise invalid then the action will lie. The officer is not then validly performing the will of his sovereign.
 
 
 14
 Applying this test to the instant case it is immediately apparent that all rights claimed by appellants are based upon the interpretation of their contract with the United States relative to the construction, operation and maintenance of the Ogden River Project. And it is equally obvious that any invasion of these rights on the part of the appellees, including the Conservancy District, is entirely based upon an interpretation of the contract existing between the Conservancy District and the United States. Under the terms of each of these contracts the United States obtains, retains, and grants certain property rights and no judicial determination of the extent of the rights granted or retained can be had without the United States being a party to the action. Legal title to all lands and appurtenances involved in this controversy rests in the United States and no determination affecting that title can be made that would bind the United States or validly interpret the government's contractual rights or obligations. Skeen v. Lynch, 10 Cir., 48 F.2d 1044, certiorari denied 284 U.S. 633, 52 S.Ct. 17, 76 L.Ed. 539; Carr v. United States, 98 U.S. 433, 25 L.Ed. 209; Wood v. Phillips, 4 Cir., 50 F.2d 714.
 
 
 15
 A decree adjudging that appellant 'owns the equitable title in and to the lands comprising the Ogden River Project, including Pine View Dam and Reservoir', though not binding upon the United States, would serve under the instant facts, to embarrass the government's title and throw confusion upon the reclamation project. In the absence of the United States, this portion of the relief sought would be improper.
 
 
 16
 Upon the same authority and for the same reasons this action cannot adjudge that appellees are 'without lawful right, title or interest to enter upon or make use of any portion of the Ogden River Project'. Appellees are acting by direction of and under the authority of the Secretary of the Department of the Interior and appropriate acts of Congress. A denial of any rights to appellees would deny the rights of the United States and the Secretary of the Department of the Interior in the same regard. The sovereign cannot be reached in such manner.
 
 
 17
 Appellant recognizes the limitation of its position in view of the Larson case and the decisions of this court but it pleads below and argues now that appellee Larson is acting beyond his delegated power or, in the alternative that the source of appellee's authority violates the Fifth Amendment. Such claims, standing alone, are but conclusions of law based upon unwarranted inferences of fact. No specific act of Larson (or any appellee) is set forth wherein it is claimed he is not acting by direction of his superior; the contrary appears: that Larson is acting in accordance with, and only to the extent of, his delegated authority.
 
 
 18
 While the contract of the Conservancy District indicates that there shall be no obligation upon the United States to develop the Weber River Project until the government obtains a permissive contract with appellant, the provision is limited by the words 'if the Secretary determines that such contract is necessary'. It is not alleged that the Secretary has so determined.
 
 
 19
 Nor is the source of appellees authority contrary to the Fifth Amendment. True, in order to construct the Weber Basin Project, officers of the United States must and will enter upon the properties of the Ogden River Project. Legal title to Ogden River Project is in the United States; appellant has contractual rights concerning the Ogden River Project. Should the United States in fulfilling the Weber River Project violate appellant's contractual rights to its damage, appellant is not without recourse or remedy. But regardless of whether appellant's present complaint be interpreted to sound in contract or tort it does not state a claim for any injunctive relief. Appellant alleges neither irreparable damages nor the threat of irreparable damages or facts from which it may be concluded irreparable damage may ensue. 28 Am.Jur. Injunctions, Sec. 88. It is nowhere alleged that the annual yield of the Pine View Dam and Reservoir as now constructed will be denied to appellant either during the course of the development of the Weber River Project or upon its completion.
 
 
 20
 Any prospective damages to appellant appear to be adequately compensable in damages and in such case an injunction will not lie nor does the Fifth Amendment entitle one to anticipatory compensation. Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637. In such case, since the government promises just compensation and provides a complete remedy, action which constitutes the taking of property is within its constitutional power and there is no ground for holding its agent liable who is acting under authority thus validly conferred. Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 60 S.Ct 413, 84 L.Ed. 554.
 
 
 21
 The judgment of the lower court is affirmed.
 
 
 
 [1]
 Hereinafter referred to as appellant. The factual background is recited as appellant alleges in its complaint
 
 
 [2]
 The contract was executed for the United States by the then Assistant Secretary of the Department of Interior
 
 
 [3]
 The project was one of many undertaken by the United States under the Reclamation Act, 32 Stat. 388, and Acts amendatory thereto, 43 U.S.C.A. § 372 et seq
 
 
 [4]
 Estimated to be a maximum of 44,175 acre feet
 
 
 [5]
 Particularly the Act of August 29, 1949, 63 Stat. 677
 
 
 [6]
 Hereinafter referred to as the Conservancy District
 
 
 [7]
 This contract was executed for the United States by appellee 'E. O. Larson, Regional Director, Bureau of Reclamation, acting under authority delegated by the Secretary of Interior'
 
 
 [8]
 Woods is not mentioned in the body or prayer of the complaint except to recite his official status