The CONTINENTAL BANK AND
TRUST COMPANY, OF SALT LAKE
CITY, UTAH, Appellant,

v.

Emery J. WOODALL, Appellee.

No. 5498.

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1957.

Writ of Certiorari Denied March 25, 1957.
See 77 S.Ct. 663.

Peter W. Billings, Salt Lake City, Utah (Albert J. Colton and Fabian, Clendenin, Moffat & Mabey, Salt Lake City, Utah, were with him on the briefs), for appellant.

Bolling R. Powell, Jr., Washington, D. C., for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

This case presents for determination questions of law arising out of the attempt of the Board of Governors of the Federal Reserve System, hereinafter referred to as the Board, to conduct a hearing in respect to the capital adequacy or inadequacy of a state bank member of the Federal Reserve System.

Continental Bank and Trust Company, of Salt Lake City, Utah, hereinafter referred to as the Bank, is a state bank member of the Federal Reserve System. The Board issued an order for a hearing to be held at Salt Lake City for the purpose of determining the adequacy or inadequacy of the net capital stock and surplus of the Bank in relation to the character and condition of its assets and to its then present and prospective deposit liabilities and its other corporate responsibilities; determining what additional amount, if any, of capital funds were needed by the Bank to have an adequate capital structure; and determining what was a reasonable period of time to allow the Bank within which to effect any increase of capital funds found to be needed to make them adequate before being required to surrender its capital stock in the Federal Reserve Bank of San Francisco and to forfeit its rights and privileges of membership in the Federal Reserve System for failure to do so. The Bank moved the Board to dismiss the proceeding upon the ground that the Board had no authority to inquire into the capital adequacy or inadequacy of a state bank member of the Federal Reserve System, or to require such a Bank to acquire additional capital or forfeit its membership in the Federal Reserve System. The motion was denied. The Bank requested that the hearing be public and the Board acquiesced therein. Emery J. Woodall was designated as trial examiner to conduct the hearing and take evidence. Shortly before the hearing was scheduled to begin, the Bank instituted this action against Woodall to enjoin him from conducting the hearing upon the ground that the Board for whom he was acting had no power to conduct a hearing for such purposes. A temporary restraining order was issued. Later the restraining order was vacated and the action was dismissed. The Bank appealed.

The focus of the attack upon the judgment dismissing the action is that the Board has no power to inquire into the capital adequacy or inadequacy of a state bank member of the Federal Reserve System; that the conducting of the hearing in question would result in irreparable injury to the Bank; and that therefore the court should have enjoined the holding of the hearing. The court predicated in part its dismissal of the action upon the view that the Board was an indispensable party. It is the well established rule of law that where a federal official attempts to perform an act which is in excess of his authority

or under authority not validly conferred, an equitable action will lie to restrain him without the sovereign being a party; but where he acts within the range of his authority in the exercise of a function legally delegated to him, an action to restrain him cannot be maintained without the sovereign being impleaded even though there is an assertion of error in the exercise of such power or an abuse of discretion. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; State of New Mexico v. Backer, 10 Cir., 199 F.2d 426; Oyler v. McKay, 10 Cir., 227 F.2d 604; Ogden River Water Users' Association v. Weber Basin Water Conservancy, 10 Cir., 238 F.2d 936.

■■ The action was not one to restrain the trial examiner on the ground that he was acting beyond the range of the order of the Board. The essence of the cause of action pleaded in the complaint was to restrain the trial examiner on the ground that the Board had no power to order the hearing. Section 9 of the Federal Reserve Act, as amended, makes provision for banks incorporated under state law to become members of the Federal Reserve System. It provides that a state bank desiring to become such member may make application to the Board, under such rules and regulations as the Board may prescribe, for the right to subscribe to the stock of the Federal Reserve Bank organized within the district in which the applying bank is located; and that the Board, subject to the provisions of the Act and to such conditions as the Board may prescribe pursuant to the Act, may permit the applying bank to become a stockholder in such Federal Reserve Bank. 12 U.S.C.A. § 321. The section further provides that in acting upon the application of an applying state bank, the Board shall consider the financial condition of such bank, the general character of its management, and whether or not the corporate powers exercised are consistent with the purpose of the Act. 12 U.S.C.A. § 322. The section further

provides that whenever the Board shall permit an applying bank to become a stockholder in the Federal Reserve Bank of the district, its stock subscription shall be payable on call of the Board, and stock issued to it shall be held subject to the provisions of the Act. 12 U.S.C.A. § 323. The section further provides that all banks admitted to membership in the Federal Reserve System under the provisions of the section shall be required to comply with the capital and reserve requirements of the Act and to conform to those provisions of law imposed upon national banks which prohibit such banks from lending on or purchasing their own stock, which relate to the withdrawal or impairment of capital, and which relate to the payment of unearned dividends. 12 U.S.C.A. § 324. The section further provides that as a condition to membership in the Federal Reserve System, such state banks shall be subject to examinations made by direction of the Board or of the Federal Reserve Bank by examiners selected and approved by the Board. 12 U.S.C.A. § 325. And the section further provides that if at any time it shall appear to the Board that a state bank member has failed to comply with the provisions of the Act, or the regulations of the Board made pursuant thereto, it shall be within the power of the Board after hearing to require such bank to surrender its stock in the Federal Reserve System and to forfeit all rights and privileges of membership. 12 U.S.C.A. § 327. Under the clear commands of the statute, after a state bank has been admitted to membership in the Federal Reserve System it must meet certain requirements. One of such requirements is compliance with the capital and reserve exactions of the Act. Another is compliance with the restrictions and inhibitions of the Act against the impairment of the capital of the bank. And where a state bank member fails to comply with the requirements of the Act in respect to its capital and reserve, or fails to comply with the restrictions or inhibitions against the impairment of

its·capital, the Board is expressly vested with power after hearing to require such bank to surrender its stock in the Federal Reserve Bank and to forfeit all rights and privileges of· membership in the Federal Reserve System. In respect to a state bank meeting these requirements of the Act, the duties and functions of the Board are not merely coterminus with the making of the application for membership and the admission of the applying bank into membership of the Federal Reserve System. Instead, it is the continuing duty and function of the Board to see that such bank either comply with the capital and reserve requirements of the Act and does not suffer impairment of its capital structure or surrender its stock in the Federal Reserve Bank and cease to be a member of the Federal Reserve System. The object and purpose of the scheduled hearing now under consideration was to inquire into the condition of the Bank in respect to whether it had suffered inadequacy of capital structure, if so·what corrective procedure should be invoked, and whether the Bank should be required to surrender its stock in the Federal Reserve Bank and cease to be a member of the Federal Reserve System. And we entertain no doubt that under the provisions of the section of the Act, the Board had power to conduct the hearing for such purposes.

 Section 9 of the Act does not stand alone in point of present pertinence. By section 11(i), as amended, the Board is required to perform the duties, functions, and services specified in the Act, and it is authorized to make rules and regulations necessary to enable it effectively to perform the same. 12 U.S.C.A. § 248(i). The provision amounts to a general grant of power to make rules and regulations in harmony with the objects and purposes of the Act and reasonably adapted to the effective discharge of the duties and functions of the Board under the Act. The Board promulgated and for many years has maintained Regulation H relating to conditions of membership of state bank-

ing institutions in the Federal Reserve System. The regulation provides among other things that such banks shall at all times conduct their business and exercise their powers with due regard to the safety of their depositors; and that the net capital and surplus funds of such banks shall be adequate in relation to the character and condition of their assets and to their deposit liabilities and other corporate responsibilities. The regulation is in harmony with the objectives and purposes of the Act. It is reasonably adapted to further the discharge of the duties and functions of the Board under the Act. And its promulgation and maintenance constitute permitted administrative action under the Act. The scheduled hearing was intended and designed to ascertain whether the Bank had failed and was continuing to·fail to meet the requirements of the Act and the regulation, if so what should be done to bring its condition into. compliance with the Act and the regulation in respect to capital adequacy, and in the event of continued failure to meet the requirements of the Act and the regulation whether the Bank should cease to be a member of the Federal Reserve System. That being its purpose, the hearing was within the purview of the Act and the regulation, considered in their entirety.

 The Board was clothed with power to order the hearing. The authority to conduct the hearing and take the evidence was regularly delegated to the trial examiner, and the examiner was acting well within the range of authority delegated to him. In such circumstances, the Board was an indispensable party to the action to restrain the conducting of the hearing. And the Board not being a party, the court correctly entered its judgment of dismissal. Larson v. Domestic & Foreign Commerce Corp., supra; State of New Mexico v. Backer, supra; Oyler v. McKay, supra; Ogden River Water Users' Association v. Weber Basin Water Conservancy, supra.

The judgment is affirmed.