[No. 37478.   En Banc.   August 27, 1964.]

*In the Matter of the Petition of* East Columbia Basin
Irrigation District.*

*Critchlow & Williams,* for appellant.

*Miller, Jansen & Sackmann,* for respondents.

*C. E. Hormel,* amicus curiae.

PER CURIAM.—This action concerns the judicial approval of an amendatory repayment contract between the East Columbia Basin Irrigation District and the United States Government and is a special statutory proceeding provided for by RCW 87.03.780 *et seq.*[1]

Following two special elections which resulted in the approval of the amendatory repayment contract by a majority of the qualified electors of the irrigation district, the district filed a "Petition for Judicial Examination, Approval and Confirmation . . . " thereof. Appellant, John Foryan, filed an answer and demurrer to the petition and registered certain objections to the amendatory repayment contract.

*Reported in 395 P. (2d) 46.

[1] This type of proceeding was recently considered in *In re Quincy Columbia Basin Irr. Dist.,* 63 Wn. (2d) 115, 385 P. (2d) 715 (1963), cert. den. 376 U. S. 953, 11 L. Ed. (2d) 972, 84 S. Ct. 970, where the petitions of two other irrigation districts were considered and approved.

In a document dated October 15, 1963, signed by appellant, along with six other individuals, he purported to withdraw his "complaint against the confirmation" of the amendatory repayment contract then pending in the Superior Court of Adams County. On the same day, appellant traveled from his farm to the courthouse in Ritzville where he signed a second document, which was acknowledged by him before the clerk of the Adams County Superior Court to be his free and voluntary act.

Appellant stated therein, in part, as follows:

" . . . I, John Foryan, do hereby withdraw every and all objections I have made to the confirmation of the East Columbia Basin Irrigation District amendatory repayment contract, (Cause No. 9780, Adams County Superior Court,) and do hereby withdraw as a defendant in said cause.

"I take this action freely and voluntarily in view of the recent decision of the State Supreme Court and because my withdrawal at this time will be in the best interest of my fellow farmers of the East District."

He caused this latter document to be filed in this proceeding. At this time appellant was represented by counsel, but he failed to consult his attorney before filing the above-quoted instrument in court.

October 28, 1963, a hearing (the second) on the confirmation of the contract was held in the Superior Court of Adams County, at which appellant appeared and requested the right to participate in the proceedings. The superior court, on the same day, entered an order of default against appellant because he had withdrawn his appearance in the action.

November 20, 1963, the trial court signed findings of fact and conclusions of law, which were filed the next day. November 21, 1963, a "Judgment and Decree Confirming and Approving the Legality of the Amendatory Repayment Contract and Proceedings Connected Therewith" was also filed.

The following is finding of fact No. 30 entered by the trial court:

"That John Foryan freely and voluntarily of his own free will and accord and without any coercion or undue influence

of any person whomsoever appeared in the office of the Clerk of this Court on October 15, 1963, and after having read the same did freely and voluntarily sign and execute and cause to be filed in these proceedings his Withdrawal of Objections (Exhibit 23) which was acknowledged under oath before Mildred Womach, Clerk of the Superior Court, Adams County, Washington.

"That said John Foryan freely and voluntarily withdrew every and all objection he had made to the Amendatory Repayment Contract (Exhibit 11) and did thereby withdraw as defendant in said cause freely and voluntarily.

"That prior to his execution of said Withdrawal of Objections (Exhibit 23), upon arising on the morning of October 15, 1963, said John Foryan freely and voluntarily of his own free will and accord and without any undue influence of any person whomsoever did make and execute his statement (Exhibit 25) to withdraw the complaint against the confirmation of the said Amendatory Repayment Contract (Exhibit 11).

"That any contacts with said John Foryan by any person with reference to the said withdrawal of objections were at the invitation and request of said John Foryan, consisted of friendly discussions of general problems of the area and the 1945 Repayment Contract (Exhibit 22) and the Amendatory Repayment Contract (Exhibit 11) within the proper spheres of the respective persons, and under no circumstances consisted of or constituted coercion or undue influence in any kind or manner whatsoever and without failure to disclose essential facts and without misrepresentation of any facts whatsoever to him by any person whomsoever.

"That said John Foryan had the right to settle and compromise any and all objections at any time by the withdrawal thereof freely and voluntarily and in this instance exercised this right freely and voluntarily of his own free will and accord and without any undue influence of any person whomsoever."

The trial court also entered the following conclusion of law:

"XII. That John Foryan did lawfully and validly withdraw his objections to these proceedings and withdrew as a defendant herein freely and voluntarily of his own free will and accord and without any coercion or undue influence of any person or persons whomsoever, without failure to disclose essential facts and without misrepresentation of

any facts whatsoever to him by any person whomsoever; and because of said lawful and valid withdrawal of objections no person appeared and demurred to or answered said petition herein."

Appellant's two assignments of error are directed to the trial court's entry of the order of default and the entry of the "Judgment and Decree Confirming and Approving the Legality . . . " of the amendatory repayment contract. No error is assigned to trial court's entry of finding of fact No. 30, which is set forth above.

■ This finding of fact, not being challenged on appeal, must be taken as stating the established facts of the case. *Guay v. Washington Natural Gas Co.*, 62 Wn. (2d) 473, 477, 383 P. (2d) 296 (1963), and cases cited. This means that this court is bound by the finding that appellant freely, voluntarily, and without coercion withdrew his objections to the amendatory repayment contract. Therefore, we must hold that the only appropriate action for the trial court to have taken was to enter an order dismissing appellant from the action. Then, with no objectors to the petition for approval of the amendatory repayment contract remaining in the case, the trial court properly entered the above-mentioned judgment and decree.

Upon the record before us, there is nothing upon which a claim of error can be predicated. The trial court's judgment is, accordingly, affirmed.

WEAVER, J. (concurring in the result)—I concur in the result of the majority opinion. The trial court's judgment should be affirmed. I agree with the dissent that the only issue presented is whether appellant was in default. However, I believe that appellant freely and voluntarily withdrew his objections to the Amendatory Repayment Contract.

HILL, J. (dissenting)—I dissent. How technical can we get?

The basic error claimed here is the making and entering of an order of default against the appellant. That, at all times, was the only issue on the appeal and the parties presented their arguments on that issue. The majority

decides that question on a basis not suggested by counsel, *i.e.*, the failure to assign error to a finding made by the trial court after it had entered the order of default. This appellant is not concerned with the findings of the trial court, made after appellant was precluded from further participation in the proceedings. We should decide the only issue presented: Was the appellant in default?

October 26, 1964. Petition for rehearing denied.