**Henry Julius FRANZ, Appellant,**

v.

**EAST COLUMBIA BASIN IRRIGATION DISTRICT, a municipal corporation, Appellee.**

**No. 20542.**

United States Court of Appeals
Ninth Circuit.

Aug. 2, 1967.

David Williams, Critchlow, Williams & Ryals, Richland, Wash., C. E. Hormel, Warden, Wash., for appellant.

Miller, Jansen & Sackmann, Ritzville, Wash., Leonard F. Jansen, Spokane, Wash., for appellee.

Before CHAMBERS, CECIL* and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge:

Appellant Franz owns land located within the boundaries of the East Columbia Basin Irrigation District. East Columbia, organized under the laws of the State of Washington, contracted in 1945 with the United States Department of the Interior (Bureau of Reclamation) for the construction of certain irrigation and drainage facilities as part of the then developing Columbia Basin Project. This contract called for the repayment of a portion of the construction costs by East Columbia.

On December 18, 1962, East Columbia submitted to the electors of the irrigation district for approval an amendatory repayment contract with the United States which called for the capitalization of certain drainage costs which were to be paid annually as operation and maintenance charges under the 1945 contract. The net result of the change was to increase the maximum amount payable to the United States for construction purposes from $37,800,000 to $71,752,846. The election resulted in approval of the new contract as required by Revised Code of Washington (RCW) 87.03.200. Subsequently additional minor changes were approved in a second election held on April 16, 1963.

On June 5, 1963, East Columbia, as required by RCW 87.03.780, commenced proceedings in Adams County Superior Court for approval of the amendatory repayment contract. Notice was given to all interested parties and hearings were held on June 27, 1963, and October 28, 1963. Upon motion of appellee the court entered an order of default against all persons interested in the proceedings with the exception of the one person who appeared. The trial court approved the provision of the amendatory repayment contract on November 21, 1963. This decision was affirmed by the Washington Supreme Court on August 27, 1964. In the Matter of the Petition of the East Columbia Basin Irrigation District, 64 Wash.2d 887, 395 P.2d 46.

* United States Circuit Judge, Sixth Circuit, sitting by designation.

On January 28, 1964, appellant filed this action in the United States District Court for the Eastern District of Washington, Northern Division. He alleges that his federally protected rights (to withdraw land from an irrigation district before an election on changes in the repayment contract) under the Columbia Basin Project Act 1937, ch. 269, § 2(e)(ii), 50 Stat. 210, as amended, 57 Stat. 14 (16 U.S.C. § 835a (e)) (repealed October 1, 1962, 76 Stat. 678), were abridged by the State of Washington and that as a result of this abridgment he was deprived of property without due process of law as guaranteed by the Fourteenth Amendment. Appellant also calls our attention to certain provisions of the laws of Washington and to article 40a of the original repayment contract, which grant substantially the same rights of withdrawal as were given by the federal statute.

Appellee moved to dismiss appellant's second amended complaint under Fed.R.Civ.P. 12(b) on nine grounds. Dismissal was granted on three grounds, denied on three grounds, and the district court declined to rule on three grounds. Both parties have appealed from the district court's order.

■■ After careful consideration of all nine alleged grounds for dismissal, we conclude that dismissal was proper. Our conclusion is based solely on the fact that the United States is an indispensable party to these proceedings. Where, as here, an indispensable party is not before the court, dismissal must follow. Superior Oil Company v. United States, 9 Cir., 353 F.2d 34.

We conclude that the interests of the United States were jeopardized by its absence below. This conclusion follows from the fact that if appellant, and others standing in his position, are allowed to withdraw their lands from the irrigation district, the financial solvency of the project will be threatened and the chances of repayment to the United States of money invested in the project will be damaged. See In re Quincy Columbia Basin Irrigation District, 63 Wash.2d

115, 385 P.2d 715, cert. denied Twillegear v. Quincy Columbia Basin Irr. Dist., 376 U.S. 953, 84 S.Ct. 970, 11 L.Ed.2d 972. Thus, success by appellant in this action would directly and injuriously affect the interests of the United States. It has previously been held that the United States is an indispensable party to a suit involving rights under a repayment contract. Ogden River Water Users' Assn. v. Weber Basin Water Conservancy, 10 Cir., 238 F.2d 936.

The judgment of dismissal is affirmed.